# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARGARET H. CRAWFORD; : | |
| WILLIAM CRAWFORD; : | |
| LARHONDA A. BATZEL; and : | |
| JAMES F. MURPHY, : | |
| : | |
| Plaintiffs : | |
| : | CIVIL ACTION NO. 1:CV-05-214 |
| v. : | |
| : | (Judge Kane) |
| : | |
| JEFFREY MILLER; STEVEN : | |
| KREMPASKY; JAMES BOCK; : | |
| KIRBY CROFT; CHARLES : | |
| STASKIEWICZ; and : | |
| ROBERT ERDELY, : | |
| : | |
| Defendants : | |
| : | |

## MEMORANDUM AND ORDER

Before the Court is Defendants' partial motion to dismiss. (Doc. No. 6.) The motion has been fully briefed and is ripe for disposition. For the reasons discussed below, the motion will be granted.

**I.   Background**

Plaintiffs collectively initiated this civil action by a complaint pursuant to 42 U.S.C. § 1983 on February 1, 2005, claiming that employees of the Pennsylvania State Police violated their civil rights. Different claims are made against different Defendants on behalf of each Plaintiff, but the prayer for relief demands judgment against Defendants jointly and severally. (Doc. No. 1.) Defendants filed the

partial motion to dismiss currently before the court on April 5, 2005.[1]

Plaintiff Margaret Crawford claims that her right to be free from malicious prosecution was violated. Ms. Crawford alleges that Defendant's Croft and Statskiewicz brought baseless and false criminal charges against her. (Doc. No. 1 at ¶ 8.) On February 5, 2003, Ms. Crawford learned that the charges against her had been dismissed on January 29, 2003. (Id.) She claims the malicious prosecution violated her rights under the Fourth Amendment. (Id.)

Plaintiff William Crawford claims that Defendants Erdely, Miller, and unspecified others unlawfully damaged and deprived him of his property. Mr. Crawford alleges that Defendants destroyed his computer, which they had siezed as evidence. (Id. at ¶ 9.) Additionally, Mr. Crawford claims the same Defendants lied, made false statements, and contributed to the stacking of criminal charges against him in an effort to coerce testimony from him. (Id.)

Plaintiff James Murphy alleges that his property was taken and converted by Defendant Bock and other the Pennsylvania State Police officials, and that Defendant Miller ordered that the property not be returned. (Id. at ¶ 10.) Murphy also alleges that Defendant Miller and others selectively and vindictively prosecuted him because he possessed a collection of Pennsylvania State Police memorabilia. (Id.)

Plaintiff LaRhonda Batzel claims she was deprived of her First and Fourth Amendment rights by Defendant Krempsky when he threatened and coerced Batzel in opening her safety deposit box

---

[1]Defendants have not moved to dismiss William Crawford's claim that Defendants Erdely and Miller destroyed and damaged his personal property. Similarly, Defendants have not moved to dismiss James Murphy's claim that Defendants Bock and Miller are responsible for the loss of his personal property. (Doc. Nos. 6, 13.)

without a warrant. (Id. at ¶ 11.) Batzel alleges that Defendant Krempsky "threw his weight around with LaRhonda and with her employer (a bank)" and that "he had absolutely no reason to believe any relevant evidence was in the safety deposit box." (Doc. No. 12 at 7-8.)

## II.  Standard of Review

A motion to dismiss tests the legal sufficiency of the complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). When considering a motion to dismiss, the court accepts as true all factual allegations contained in the complaint and views them in the light most favorable to the plaintiff. U.S. Express Lines Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002). The plaintiff is required to "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that those elements exist." Kost, 1 F.3d at 183 (citations omitted). A court should grant a motion to dismiss only if it appears the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Wisniewski v. Johns-Manville Corp., 759 F.2d 271, 273 (3d Cir. 1985) (citations omitted).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is properly granted when, taking all factual allegations and inferences as true, the moving party is entitled to judgment as a matter of law. Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990). The burden is on the moving party to show that no claim has been stated. Johnsrud v. Carter, 620 F.2d 29, 33 (3d Cir. 1980). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). However, "a court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906, 908 (3d Cir. 1997). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is

entitled to offer evidence to support the claims." Lake v. Arnold, 112 F.3d 682, 688 (3d Cir. 1997) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982)).

### III. Discussion

Defendants have moved to dismiss a portion of Plaintiff's claims brought pursuant 42 U.S.C. § 1983. (Doc. No. 6.) In support, Defendants assert the following arguments: (A) Plaintiffs Margaret Crawford and William Crawford have failed to plead all elements necessary to maintain a suit for malicious prosecution; (B) Plaintiffs have failed to allege personal involvement with respect to all individual Defendants; (C) in the absence of a discriminatory basis or improper motive, there can be no claim for selective prosecution; and (D) Plaintiff Batzel has failed to allege facts that would give rise to a violation of First and Fourth Amendment rights. The Court will consider each of these arguments in turn.

#### A. Malicious Prosecution

To prevail in a Section 1983 malicious prosecution action, a plaintiff must show:

> (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003). Defendants argue that Margaret Crawford's claim of malicious prosecution must be dismissed against all Defendants because she failed to allege a deprivation of liberty as required to maintain a suit for malicious prosecution.

In the complaint, Ms. Crawford alleges that Defendants Croft and Staskiewicz "violated her

rights to be free from malicious prosecution's lacking in probable cause and conducted for vindictive purposes under the 4th Amendment[.]" (Doc. No. 1 at ¶ 8.) She further alleges that the charges against her were brought for an improper purpose and that the charges against her were dismissed. Although a deprivation of liberty consistent with a Fourth Amendment seizure is not alleged in the complaint, in Plaintiffs' brief, Ms. Crawford alleges that she "was fingerprinted, photographed, and forced to attend court hearings, hire an attorney, and defend herself in court ordered proceedings." (Pl. Br. at 5.)

The United States Court of Appeals for the Third Circuit has recently held that there is no Fourth Amendment seizure as required in a § 1983 malicious prosecution action where plaintiffs were required to attend pretrial and trial hearings but were not otherwise held in custody or restricted. Dibella v. Borough of Beachwood, N.J., Nos. 03-4892, 04-1257, 2005 WL 1118012, at *3-4 (3d Cir. May 12, 2005). Thus, while the things complained of by Ms. Crawford certainly restricted her in some way, they are not significant enough to rise to the level of a seizure for Fourth Amendment purposes. Accordingly, Margaret Crawford's claim must be dismissed.

This line of reasoning applies with equal force to William Crawford's vague allegations of malicious prosecution, if he is indeed trying to pursue such a claim. Mr. Crawford's allegation that the charges against him were "stacked" in an effort to coerce testimony, which thereby deprived him of his property without due process of law, fails to meet all the elements required for a § 1983 claim of malicious prosecution. See Estate of Smith, 318 F.3d at 521. Although Mr. Crawford claims a deprivation of his property, the complaint is devoid of an alleged deprivation of liberty for Fourth Amendment purposes. See id. (to establish a claim for malicious prosecution, a plaintiff must include

5

allegations that "the plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding").  Further, Mr. Crawford has not alleged a favorable outcome with respect to the criminal charges.  See id. (to establish a claim for malicious prosecution, a plaintiff must include allegations that "the criminal proceeding ended in the plaintiff's favor").  Accordingly, William Crawford's claim concerning stacking of charges must be dismissed.

### B.      Individual Involvement

It is a fundamental tenant of § 1983 jurisprudence that in order to be held liable, an individual defendant must have had personal involvement in the acts alleged.  Rode v. Dellacriprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  Defendants argue that the complaint fails to allege personal involvement in the violations asserted and as a result, the following claims should be dismissed:[2]  William Crawford's claims against Defendants Krempasky, Bock, Croft, and Staskiewicz; Murphy's claims against Defendants Krempasky, Croft, Staskiewicz, and Erdely; and Batzel's claims against Miller, Bock, Croft, Staskiewicz, and Erdely.

Here, all Plaintiffs request damages from all Defendants; however, each claim lacks specific allegations against many of the individual Defendants of personal involvement in the alleged wrongs.  Plaintiffs do not answer this argument or provide additional facts in their brief that would lead to a different conclusion.[3]  Therefore, Defendants motion to dismiss on this basis will be granted in full.

---

[2]Defendants raise the same argument with respect to Margaret Crawford's claims against Defendants Miller, Krempasky, Bock, and Erdely, however, as discussed above, her claims are dismissed in their entirety on another basis.

[3]Plaintiffs appear to concede this point at least in part.  In their statement of issues, two of the suggested answers to the issues presented are not in Plaintiffs' favor.  (See Doc. No. 12, at 3, items 2 ("Does Crawford allege a cause of action against Miller, Krempasky, Bock, and Erdley. [sic]

### C.     Selective Prosecution

A selective-prosecution claim is an "independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution." United States v. Armstrong, 517 U.S. 456, 463 (1996). To state a claim for selective prosecution, there must be "evidence that persons similarly situated have not been prosecuted and that the decision to prosecute was made on the basis of an unjustifiable standard, such as race, religion, or some other arbitrary factor, or that the prosecution was intended to prevent his exercise of a fundamental right." United States v. Schoolcraft, 879 F.2d 64, 68 (3d Cir. 1989). Plaintiff James Murphy alleges that certain police officials "went to extraordinary lengths to harass and intimidate those who possess private collections of PSP [Pennsylvania State Police] memorabilia." (Doc. No. 1, ¶ 10.) He alleges that his property was unlawfully taken and that he was selectively and vindictively prosecuted for this reason. (Id.) Defendants argue that Plaintiffs's allegations of selective prosecution must fail because there is no claim that the decision to prosecute was made on a discriminatory basis or with an improper motive.

Plaintiff Murphy argues that "prosecuting somebody because you are armed with a badge and they are competing with your memorabilia collection plans and efforts, is not rational law enforcement." (Doc. No. 12.) When viewed in a light most favorable to Plaintiff Murphy, these allegations set forth sufficient information to permit inferences to be drawn that the decision to prosecute may have been made on the basis of an unjustifiable standard. See Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993) (the plaintiff is required to "set forth sufficient information to . . . permit inferences to be drawn

---

Suggested answer no.") & 5 ("Does Murphy make any claims against Krempasky, Croft, Erdley [sic], and Staskiewicz?  Suggested answer no."))

that those elements exist"). Notwithstanding, Plaintiff Murphy has not presented any evidence that he was prosecuted more vigorously than similarly situated defendants on the basis of a suspect classification as required to maintain a claim for selective prosecution. Armstrong, 517 U.S. at 470. Accordingly, Defendants' motion to dismiss Murphy's selective prosecution claim will be granted. However, the Court will grant Murphy leave to amend his complaint with respect to the selective prosecution claim in accordance with Rule 8(a)(2) of the Federal Rules of Civil Procedure.

### D. Claims of LaRhonda Batzel

Plaintiff LaRhonda Batzel alleges that her Fourth and First Amendment rights were violated by Defendant Krempasky because he coerced her into opening her safety deposit box as part of the police investigation of Murphy. (Doc. No. 1, ¶ 11.) Batzel alleges that she opened her safety deposit box, despite the absence of a search warrant, because Krempasky "used his badge of authority to coerce and pressure the plaintiff in her employment situation making demands by virtue of his position . . . ." (Id.) In her brief in opposition to the motion to dismiss, Batzel expands on these allegations somewhat, stating that the officer "threw his weight around with LaRhonda and with her employer (a bank)" and that "he had absolutely no reason to believe any relevant evidence was in the safety deposit box." (Doc. No. 12 at 7-8.) Plaintiff argues by virtue of these allegations, that she suffered an invasion of her privacy and a violation of her right not to be subjected to arbitrary police actions by virtue of her associations. (Id. at 7.)

Although there is no heightened pleading standard required for actions brought under 42 U.S.C. § 1983, see Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993), a complaint must contain a "short and plain statement of the claim" that "give[s]

the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Fed.R.Civ.P. 8(a)(2); Conley v. Gibson, 355 U.S. 41, 47-48 (1957). Here, there is nothing on the face of the complaint that would give rise to a constitutional violation. There is no allegation that any First Amendment rights were implicated, namely Plaintiff Batzel's rights of religion, speech, press, or assembly. Likewise, there is no implication of any Fourth Amendment right, as Batzel has not alleged that she was subject to an unlawful search or seizure. Accordingly, Defendants' motion to dismiss Batzel's claims will be granted. However, the Court will grant Batzel leave to amend her complaint in accordance with Rule 8(a)(2) of the Federal Rules of Civil Procedure.

### III.   CONCLUSION

Based on the foregoing, the Court concludes that Defendants' partial motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure will be granted and Plaintiffs Murphy and Batzel will be granted leave of court to amend their complaints within twenty (20) days of the date of this Order.

**IV.     ORDER**

Therefore, for the reasons discussed above, **IT IS HEREBY ORDERED THAT**

Defendants' motion to dismiss (Doc. No. 6) is **GRANTED** as follows:

1. All claims brought by Plaintiff Margaret Crawford are **DISMISSED**.

2. All claims brought by Plaintiff Batzel are **DISMISSED**. Plaintiff is granted leave to amend her complaint with respect to Defendant Krempasky within twenty (20) days of the date of this Order.

3. All claims brought by Plaintiff William Crawford against Defendants Krempasky, Bock, Croft, and Staskiewicz are **DISMISSED**;

4. All claims brought by Plaintiff Murphy against Defendants Krempaski, Croft, Staskiewicz, and Erdely are **DISMISSED**. Further, all selective prosecution claims brought by Plaintiff are **DISMISSED**. Plaintiff is granted leave to amend his selective prosecution complaint with respect to Defendants Miller and Bock within twenty (20) days of the date of this Order.

5. The remaining Defendants shall answer the remaining claims within twenty (20) days of the date of this Order.

       S/ Yvette Kane
       Yvette Kane
       United States District Judge

Date: August 4, 2005