IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARGARET H. CRAWFORD;** : | |
| **WILLIAM CRAWFORD;** : | |
| **LARHONDA A. BATZEL; and** : | |
| **JAMES F. MURPHY,** : | |
| : | |
| **Plaintiffs** : | |
| : | **CIVIL ACTION NO. 1:CV-05-214** |
| v. : | |
| : | (Judge Kane) |
| : | |
| **JEFFREY MILLER; STEVEN** : | |
| **KREMPASKY; JAMES BOCK;** : | |
| **KIRBY CROFT; CHARLES** : | |
| **STASKIEWICZ; and** : | |
| **ROBERT ERDELY,** : | |
| : | |
| **Defendants** : | |
| : | |

**MEMORANDUM AND ORDER**

Before the Court is Defendants' Partial Motion to Dismiss the Amended Complaint. (Doc. No. 24.) The motion has been fully briefed and is ripe for disposition. For the reasons discussed below, the motion will be granted.

**I.     Background**

Plaintiffs collectively initiated this civil action by a complaint pursuant to 42 U.S.C. § 1983 on February 1, 2005, claiming that employees of the Pennsylvania State Police violated their civil rights. On April 5, 2005, Defendants filed a partial motion to dismiss. (Doc. No. 6.) By Order dated August 4, 2005, this Court, inter alia, dismissed Plaintiff James Murphy's selective prosecution claim, but granted Plaintiff Murphy leave to amend the complaint within twenty days. (Doc. No. 18.) Plaintiffs filed an Amended Complaint on August 26, 2005. (Doc.

No. 31.) In that Amended Complaint, Plaintiff Murphy alleges that his property was taken and converted by Defendant Bock and other Pennsylvania State Police officials, and that Defendant Miller ordered that the property not be returned. (Id. at ¶ 20.) Murphy also alleges that Defendant Miller and others selectively and vindictively prosecuted him because he possessed a collection of Pennsylvania State Police memorabilia. (Id. at ¶ 23-25.) On September 7, 2005, Defendants filed a partial motion to dismiss the Amended Complaint, seeking dismissal of Plaintiff Murphy's selective prosecution claim. (Doc. No. 24.)

## II.     Standard of Review

A motion to dismiss tests the legal sufficiency of the complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). When considering a motion to dismiss, the court accepts as true all factual allegations contained in the complaint and views them in the light most favorable to the plaintiff. U.S. Express Lines Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002). The plaintiff is required to "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that those elements exist." Kost, 1 F.3d at 183 (citations omitted). A court should grant a motion to dismiss only if it appears the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Wisniewski v. Johns-Manville Corp., 759 F.2d 271, 273 (3d Cir. 1985) (citations omitted).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is properly granted when, taking all factual allegations and inferences as true, the moving party is entitled to judgment as a matter of law. Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990). The burden is on the moving party to show that no claim has been stated. Johnsrud v. Carter, 620 F.2d 29, 33 (3d Cir. 1980). "A court may dismiss a complaint only if it is clear that

no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). However, "a court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Lake v. Arnold, 112 F.3d 682, 688 (3d Cir. 1997) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982)).

### III. Discussion

Defendants alleges that Plaintiff Murphy again fails to state a claim for selective prosecution. (Doc. No. 25.) A selective prosecution claim is an "independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution." United States v. Armstrong, 517 U.S. 456, 463 (1996). To state a claim for selective prosecution, there must be "evidence that persons similarly situated have not been prosecuted and that the decision to prosecute was made on the basis of an unjustifiable standard, such as race, religion, or some other arbitrary factor, or that the prosecution was intended to prevent his exercise of a fundamental right." United States v. Schoolcraft, 879 F.2d 64, 68 (3d Cir. 1989).

In the Amended Complaint, Plaintiff Murphy alleges that "he was vindictively and selectively victimized by [the Pennsylvania State Police's] internal and criminal investigative processes" and that he was "treated differently than other Pennsylvania State Police Officers similarly situated who do not have interests in, or maintain memorabilia collections . . . ." (Doc. No. 31 ¶¶ 25-26.) Defendants argue that Plaintiffs' amended complaint once again fails to allege that similarly situated officers were treated more leniently, and fails to identify the crime for

which Plaintiff Murphy claims selective prosecution.  (Doc. No. 25 at 4.)  Plaintiff Murphy responds that he was singled out because of his status as a collector of State Police memorabilia and cites one other individual, a Captain Darrell Ober, who was similarly "vindictively and selectively investigated at least."  (Doc. No. 26.)  Plaintiff argues further "if government officials under badge of authority could use their authority to persecute and intimidate those who are acting in competition with a pet secular [sic] pursuit then government officials could gather and keep property and convert it to their own use with impunity."  (Doc. 26 at 3.)

Even assuming that being a collector of Pennsylvania State Police memorabilia constitutes an "arbitrary factor" upon which a decision to prosecute cannot be made, it is axiomatic that to state a claim for selective prosecution one must in fact be prosecuted for an offense.  Schoolcraft, 879 F.2d at 68.  Plaintiff Murphy alleges that "the internal investigative and criminal investigative power of the Pennsylvania State Police were used to selectively and vindictively prosecute him" but fails to allege the crime for which he was prosecuted or even when this asserted selective prosecution took place.  (Doc. No. 31 at ¶ 23.)  Moreover, Plaintiff Murphy fails to allege that similarly situated individuals had committed the same offense, whatever that offense may be, but were not similarly prosecuted.  Rather, Plaintiff Murphy merely asserts that "he [was] treated differently than other Pennsylvania Police Officers similarly situated who do not have interests in . . . memorabilia collections . . . ." and that he was harassed and intimidated by Defendants due to his avocation.  (Doc. No. 31 at 7.)

A complaint must contain a "short and plain statement of the claim" that "give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Fed. R. Civ. P. 8(a)(2).  The phrase "selective prosecution" has no unique talismanic significance so

as to satisfy the requirements of notice pleading by its mere use.  Plaintiff cannot rest solely upon the bald legal conclusion that he was "selectively and vindictively prosecute[d]" without providing Defendants some notice of the offense he claims constituted selective prosecution and that others similarly situated were not so prosecuted.  (Doc. No 31 at 6.)  See Morse, 132 F.3d at 906.  Accordingly, Defendants' motion to dismiss Murphy's selective prosecution claim will be granted.

If a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile.  Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002)(citing Shane v. Fauver, 213 F.3d 113, 116 (3d Cir. 2000)).  In its last order dismissing Plaintiff Murphy's selective prosecution claim, this Court granted Plaintiffs leave to amend their Complaint in order to address, inter alia, this specific deficiency.  (Doc. No. 18.)   Although Plaintiffs filed an Amended Complaint, Plaintiff Murphy fails to allege sufficient information to raise a claim of selective prosecution.  A plaintiff need not "'be granted a second leave to amend when [he] was on notice of the complaint's deficiencies and failed to rectify them with his first amendment.'"  Krantz v. Prudential Invs. Fund Mgmt. Llc, 305 F.3d 140, 144-45 (3d Cir. 2002) (quoting Krantz v. Prudential Investments Fund Management, LLC, 77 F. Supp. 2d 559, 560 (D.N.J. 1999).  Moreover, as a second leave to amend the complaint will only further unduly delay this litigation, the Court will not allow Plaintiff Murphy leave to amend his selective prosecution claim.

**IV.** <u>**Order**</u>

**AND NOW**, this 23rd day of November, 2005, for the reasons discussed above, **IT IS HEREBY ORDERED THAT** Defendants' motion to dismiss (Doc. No. 24) is **GRANTED**. Plaintiff Murphy's claim of selective prosecution is **DISMISSED**.

<u>    S/ Yvette Kane          </u>
Yvette Kane
United States District Judge